```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF FLORIDA
         TAMPA DIVISION
```

MELVIN E. BLOUGH,

    Plaintiff,

v.                                    Case No. 8:17-cv-371-T-33TBM

MORRIS SILBERMAN, et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants Morris Silberman, Marva Crenshaw, and Daniel H. Sleet's Motion to Dismiss (Doc. # 23), filed on April 3, 2017. Plaintiff Melvin E. Blough, who is proceeding pro se, filed his response on April 20, 2017. (Doc. # 26). For the reasons below, the Motion is granted and the action is dismissed.

**Discussion**

In 2016, a state court entered a final judgment of dissolution of marriage in an action brought by Blough against his then-wife, Marie B. Blough. (Doc. # 1-1 at 3-28). The state court ordered Blough to pay $2,500 per month in permanent alimony. (Id. at 18). Blough appealed the final judgment to the Second District Court of Appeal, which affirmed the trial court's judgment on February 1, 2017. (Id.

at 31, 114). Approximately two weeks later, on February 14, 2017, Blough filed the instant action against the Defendants in both their individual and official capacities. (Doc. # 1). Blough amended his Complaint on February 27, 2017. (Doc. # 17). And on April 3, 2017, Defendants moved to dismiss. (Doc. # 23).

Defendants first argue this Court lacks subject-matter jurisdiction under the Rooker-Feldman doctrine. "The Rooker-Feldman doctrine bars federal district courts from 'review[ing] final judgments of a state court . . . .'" Berene v. Nationstar Mortg. LLC, No. 16-13939, 2017 WL 1420809, at * 1, --- Fed. Appx. --- (11th Cir. Apr. 20, 2017) (citation omitted). A state-court judgment is final for purposes of Rooker-Feldman if the appeals process ended before the federal action commenced. Cf. Ware v. Polk Cty. Bd. of Cty. Comm'rs, 394 Fed. Appx. 606, 608 (11th Cir. 2010) ("'[S]tate proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action . . . .'") (citation omitted). Moreover, "[t]he doctrine is [a] 'narrow'" one. Berene, 2017 WL 1420809, at *1 (citation omitted). It applies only in "cases brought by state-court losers complaining of injuries caused by state-court

2

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. (citation omitted).

In this action, the Amended Complaint alleges "[t]he February 1, 2017 Opinion by the Florida Second District Court of Appeals in Case No. 2D16-3146 will be appealed directly to the Supreme Court via a Petition for a Writ of Mandamus . . . ." (Doc. # 17 at 3). For their part, Defendants are unsure of whether an appeal was actually taken. (Doc. # 23 at 7-8) ("Plaintiff alleges that he intends to appeal . . . but the posture of any such appeal, if any, is unclear."). The uncertainty with respect to finality produced by the parties' briefing is made all the more stark by the fact that nothing in the record demonstrates one way or the other whether an appeal was taken. Given the lack of certainty and dearth of information in the record, the Court declines to apply the Rooker-Feldman doctrine.

Nevertheless, dismissal is still appropriate. Blough seeks to impose liability upon each Defendant to the tune of $2 million and bases those damages on Defendants' act of affirming a judgment entered by a state trial court. (Doc. # 17). But,

> [j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. . . . This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. . . . Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal citations and quotation marks omitted).

A review of the Amended Complaint demonstrates the Defendants were acting in their judicial capacity when they issued an opinion affirming a trial-court order that had been appealed. Because immunity protects Defendants from suit and amendment would be futile, this action is dismissed with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Morris Silberman, Marva Crenshaw, and Daniel H. Sleet's Motion to Dismiss (Doc. # 23) is **GRANTED.**

(2) This action is **DISMISSED WITH PREJUDICE**. The Clerk is directed to **CLOSE** this action.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of April, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE